PILLARD, Circuit Judge, concurring:
 

 I agree with the opinion of the court as far as it goes. I write separately to emphasize why the spare elegance of the court's opinion should not be mistaken for an expansion of the attorney-client privilege recognized in our prior precedents: In short, the district court engaged extensively with the disputed documents and the bases for the privilege claims, and followed certain truncated procedures only with the parties' consent.
 

 As an exception from the general presumption in favor of discovery, the "attorney-client privilege must be strictly confined within the narrowest possible limits consistent with the logic of its principle."
 
 In re Lindsey
 
 ,
 
 158 F.3d 1263
 
 , 1272 (D.C. Cir. 1998) (quoting
 
 In re Sealed Case
 
 ,
 
 676 F.2d 793
 
 , 807 n.44 (D.C. Cir. 1982) );
 
 see
 
 1 Paul R. Rice, Attorney-Client Privilege in the U.S. § 2:3. The party asserting attorney-client privilege must prove that "each communication" sought to be withheld merits the privilege.
 
 United States v. Legal Servs. for N.Y.C.
 
 ,
 
 249 F.3d 1077
 
 , 1081-82 (D.C. Cir. 2001) (rejecting unparticularized assertion of attorney client privilege);
 
 see
 
 Attorney-Client Privilege in the U.S. § 11:11. Under settled law, the burden of establishing that privilege applies rests with the party claiming it.
 
 See
 
 Op. 1266-67;
 
 Legal Servs. for N.Y.C.
 
 ,
 
 249 F.3d at
 
 1081-82 ;
 
 Lindsey
 
 ,
 
 158 F.3d at
 
 1270 ;
 
 In re Sealed Case
 
 ,
 
 737 F.2d 94
 
 , 99 (D.C. Cir. 1984) [hereafter
 
 Sealed Case
 
 (1984) ];
 
 FTC v. TRW, Inc.
 
 ,
 
 628 F.2d 207
 
 , 213 (D.C. Cir. 1980). The proponent must, that is, show that a "significant" purpose of every individual "communication" for which it asserts privilege is to secure or provide "legal advice."
 
 See
 

 In re Kellogg Brown & Root
 
 ,
 
 756 F.3d 754
 
 , 759-60 (D.C. Cir. 2014) ;
 
 Sealed Case
 
 (1984),
 
 737 F.2d at 98-99
 
 .
 

 Clients claiming privilege may seek to shield information supplied in confidence to their lawyers. When a client's confidences are a "significant and inseparable part" of the lawyer's advice, they are protected as they appear within privileged communications between lawyer and client.
 
 SealedCase
 
 (1984),
 
 737 F.2d at 99
 
 . As the court emphasizes, however, the attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." Op. 1268 (quoting
 
 Upjohn Co. v. United States
 
 ,
 
 449 U.S. 383
 
 , 395,
 
 101 S.Ct. 677
 
 ,
 
 66 L.Ed.2d 584
 
 (1981) ).
 

 The FTC does not dispute the status of the documents as "communications" between lawyer and client, Oral Argument Tr. at 12, instead focusing on the magistrate judge's conclusion that Boehringer had met its burden to show that the communications at issue had a significant legal purpose. Where a privilege claimant has closely intertwined purposes-a legal purpose as well as a business purpose-it must still establish to a "reasonable certainty,"
 
 Sealed Case
 
 (1984),
 
 737 F.2d at 99
 
 , that "obtaining or providing legal advice was one of the significant purposes" animating each communication withheld,
 
 Kellogg Brown & Root
 
 ,
 
 756 F.3d at 758-59
 
 .
 

 Neither a general statement that the lawyer wore both lawyer and businessperson "hats" during the communications nor a blanket assertion of legal purpose is enough.
 
 See
 

 Sealed Case
 
 (1984),
 
 737 F.2d at
 
 99 ;
 
 Lindsey
 
 ,
 
 158 F.3d at 1270
 
 . Nor is it sufficient to offer as support privilege logs with bare, conclusory assertions that the listed communications were made for the purpose of securing legal advice.
 
 See
 

 Legal Servs. for N.Y.C.
 
 ,
 
 249 F.3d at
 
 1081-82 ;
 
 accord
 

 Equal Employment Opportunity Commission v. BDO USA, LLP
 
 ,
 
 876 F.3d 690
 
 , 696 (5th Cir. 2017). The claimant must instead "present to the court sufficient facts to establish the privilege" so that the court is in a position independently to review the legal-purpose assertion for each relevant communication.
 
 Sealed Case
 
 (1984),
 
 737 F.2d at 99
 
 .
 

 The magistrate judge, having personally "reviewed
 
 in camera
 
 all the documents at issue," found that Boehringer met that considerable burden in this case.
 
 FTC v. Boehringer Ingelheim Pharm., Inc.
 
 ,
 
 180 F.Supp.3d 1
 
 , 6 (D.D.C. 2016). That decision is not clearly erroneous. The burden-of-proof issue is, to be sure, somewhat obscured on this record because of the special process the parties adopted. In response to the FTC's 2009 subpoena, Boehringer initially produced approximately 9,500 documents to the FTC and withheld approximately 2,400 on the basis of work-product protection and/or attorney-client privilege.
 
 See
 
 Appellee Br. at 14. The FTC challenged the application of those shields to over 600 documents listed in Boehringer's privilege log.
 

 Id.
 

 Faced with hundreds of disputed documents, a magistrate judge in 2011 ordered Boehringer to choose a representative sample of documents for
 
 in camera
 
 review.
 
 See
 

 FTC v. Boehringer Ingelheim Pharm., Inc.
 
 ,
 
 286 F.R.D. 101
 
 , 106 (D.D.C. 2012) ; Oral Argument Tr. at 31. Boehringer submitted a supporting affidavit with specific explanations of its claims of privilege for each of the documents in the sample. Sealed App'x 473-85. At oral argument, Boehringer explained-and the FTC did not contest-that Boehringer offered to supplement or amend the original privilege logs to provide more support for its privilege assertions. The FTC passed on that offer.
 
 See
 
 Oral Argument Tr. at 31-32, 42.
 

 In light of our 2015 decision in this case clarifying the standard for work-product protection,
 
 see
 

 FTC v. Boehringer Ingelheim Pharmaceuticals
 
 ,
 
 778 F.3d 142
 
 (D.C. Cir. 2015), the magistrate judge on remand reviewed not only residual work product claims but also assertions that documents we held not protected as work product were nonetheless privileged attorney-client communications,
 
 see
 

 Boehringer
 
 ,
 
 180 F.Supp.3d 1
 
 . Boehringer again offered to supplement the record with additional briefing and
 
 ex parte
 
 affidavits, but the court held that no additional materials were necessary or appropriate.
 
 See
 

 id
 
 . at 22-23, 28. In view of the parties' original briefing on attorney-client privilege, the sample documents reviewed
 
 in camera
 
 , and the record, which included Boehringer's supporting
 
 ex parte
 
 affidavit and its privilege logs, the court sustained Boehringer's claims of attorney-client privilege. It determined that Boehringer offered more than conclusory assertions that each of the disputed communications had a legal purpose and, after confirming those assertions through its own review of the documents, credited Boehringer's contention that obtaining legal advice was a significant purpose animating each communication.
 

 Id.
 

 at 29-30
 
 .
 

 The court enjoys considerable discretion in making that determination in the first instance, and we owe its fact-finding appreciable deference.
 
 See
 

 Boehringer
 
 ,
 
 778 F.3d at
 
 148 ; Fed. R. Civ. P. 52(a)(6)
 

 ("Findings of fact ... must not be set aside unless clearly erroneous."). Because I see no clear error in the district court's finding, I concur.